**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CLARENCE D. JOHNSON, JR.,<br><br>                Plaintiff,<br><br>   v.<br><br>POPE FRANCIS PAUL, et al.,<br><br>                Defendants. | 3:21-cv-00044-MMD-CLB<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**[1] |

Before the court is Plaintiff Clarence D. Johnson, Jr.'s ("Plaintiff"), application to proceed *in forma pauperis* (ECF No. 1), his *pro se* civil rights complaint (ECF No. 1-1), and miscellaneous motions (ECF Nos. 3-1, 3-2, 3-3, 3-4, 3-5).  For the reasons stated below, the court recommends that Plaintiff's *in forma pauperis* application (ECF No. 1) be granted, his complaint (ECF No. 1-1) be dismissed, with prejudice, and his miscellaneous motions (ECF Nos. 3-1, 3-2, 3-3, 3-4, 3-5) be denied as moot.

**I.   *IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

///

---

[1]    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the court recommends that the application (ECF No. 1) be granted.

## II. SCREENING STANDARD

Prior to ordering service on any defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v.*

1  *Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**III.  SCREENING OF COMPLAINT**

In his complaint, Plaintiff sues Defendants Pope Francis Paul, Joe Biden, Donald Trump, Barack Obama, United Nations, Russell Moore, and Queen Elizabeth under "federal statute [and] international law." (*See* ECF No. 1-1 at 1-2.) Plaintiff's complaint seeks a "request for inquiry" and states the "Biden [and] Trump administration [are] harboring fugitives" and "they are fugitives of law themselves." (*Id.* at 4.)

1  Plaintiff's complaint is rambling, nonsensical, and filled with incomplete sentences.
2  Dismissal on those grounds alone is appropriate. Federal Rule of Civil Procedure 8(a)(2)
3  requires that a complaint contain "a short and plain statement of the claim showing that the
4  pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is
5  and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation and alteration
6  omitted). It must also include "a demand for the relief sought. . . ." Fed. R. Civ. P. 8(a)(3).
7  Here, Plaintiff's largely incomprehensible narrative makes it nearly impossible for the court
8  to identify the factual or legal basis for his claims or the nature of his requested relief. Plaintiff
9  states no claim upon which relief may be granted, and given the vague nature of the
10 allegations, amendment would be futile. *See Cato*, 70 F.3d at 1106. Accordingly, the court
11 recommends the complaint be dismissed, with prejudice.

12 In light of this Report and Recommendation, the court also recommends that the
13 miscellaneous motions (ECF Nos. 3-1, 3-2, 3-3, 3-4, 3-5), be denied as moot.

14 **IV.    CONCLUSION**

15 For the reasons articulated above, the court recommends that Plaintiff's application
16 to proceed *in forma pauperis* (ECF No. 1) be granted, his complaint (ECF No. 1-1) be
17 dismissed, with prejudice, as amendment would be futile, and his miscellaneous motions
18 (ECF Nos. 3-1, 3-2, 3-3, 3-4, 3-5) be denied as moot.
19 The parties are advised:
20 1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of
21 Practice, the parties may file specific written objections to this Report and Recommendation
22 within fourteen days of receipt. These objections should be entitled "Objections to
23 Magistrate Judge's Report and Recommendation" and should be accompanied by points
24 and authorities for consideration by the District Court.
25 2.    This Report and Recommendation is not an appealable order and any notice
26 of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District
27 Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that Plaintiff's complaint (ECF No. 1-1) be **DISMISSED, WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that Plaintiff's miscellaneous motions (ECF Nos. 3-1, 3-2, 3-3, 3-4, 3-5) be **DENIED AS MOOT**; and,

**IT IS FURTHER RECOMMENDED** that this action be **CLOSED** and that judgment be entered accordingly.

**DATED:** January 26, 2021.

_____
**UNITED STATES MAGISTRATE JUDGE**