UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CLARENCE D. JOHNSON, JR., | Case No. 3:21-cv-00044-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| POPE FRANCIS PAUL, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Clarence D. Johnson, Jr. brings this action against Pope Francis Paul, Biden, Trump, Obama, United Nations, Russell Moore, and Queen Elizabeth alleging violations of federal and international law. (ECF No. 1-1) Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla L. Baldwin (ECF No. 4), recommending Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be granted, his Complaint (ECF No. 1-1) be dismissed, with prejudice, and his miscellaneous outstanding motions (ECF Nos. 3-1, 3-2, 3-3, 3-4, 3-5)[1] be denied as moot. Plaintiff had until February 9, 2021, to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will dismiss Plaintiff's Complaint, with prejudice, and will deny all outstanding motions as moot.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114,

---

[1] Since Judge Baldwin issued her R&R, Plaintiff has filed six new motions (ECF Nos. 5, 6, 7, 8, 10, 11), all of which would logically be moot as well if Plaintiff has failed to state a claim upon which relief could be granted.

1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Baldwin did not clearly err. Here, Judge Baldwin recommends first that Plaintiff's application to proceed *in forma pauperis* be granted because Plaintiff cannot pay the filing fee. (ECF No. 4 at 2.) Under 28 U.S.C. § 1915(e)(2), a district court must screen an *in forma pauperis* complaint to determine whether dismissal is appropriate. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000); *see also Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). After accepting all the allegations in the Complaint as true and resolving all doubts in Plaintiff's favor, *see Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969), Judge Baldwin found that Plaintiff's Complaint "states no claim upon which relief may be granted." (ECF No. 4 at 4.) Judge Baldwin reasoned that the "rambling [and] nonsensical" nature of the Complaint failed to meet the requisite "short and plain statement of claim showing that the pleader is entitled to relief." (*Id.* (citing *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 555 (2007).) The Complaint does not state any clear theory of jurisdiction over the myriad Defendants, nor does it go beyond stating gesturing violations of "federal statute [and] international law." (ECF No. 1-1 at 1-2.) Judge Baldwin further reasoned that "given the vague nature of allegations, amendment would be futile." (ECF No. 4 at 4.) The Court agrees with Judge Baldwin. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 4) is accepted and adopted in full.

It is further ordered that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 1) is granted.

The Clerk of Court is directed to file Plaintiff's complaint (ECF No. 1-1).

It is further ordered that Plaintiff's complaint (ECF No. 1-1) is dismissed, with prejudice.

It is further ordered that the remaining outstanding motions (ECF Nos. 3-1, 3-2, 3-3, 3-4, 3-5, 5, 6, 7, 8, 10, 11) are denied as moot.

The Clerk of Court is directed to enter judgment accordingly, and close this case.

DATED THIS 17th Day of February 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE